UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MORENO,<br><br>        Plaintiff,<br><br>    v.<br><br>C.H. ROBINSON WORLDWIDE, INC., et al.,<br><br>        Defendants. | Case No. 25-cv-02844-RFL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO STRIKE WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 15, 16, 21 |

      This is a wage and hour class action involving Plaintiff Carlos Moreno and Defendants C.H. Robinson Worldwide, Inc., C.H. Robinson Company (collectively, "CHR"), and various Doe defendants. Specifically, Moreno contends that Defendants misclassified its truck drivers as independent contractors and failed to provide meal and rest breaks, reimburse business expenses, furnish timely and accurate wage statements, and pay minimum wage. He now brings suit on behalf of himself and a putative class for violations of California's Labor Code and Unfair Competition Law ("UCL").

      CHR moves for judgment on the pleadings and to strike the Complaint (Dkt. No. 1-2), arguing that the Moreno failed to adequately allege that CHR employed him and that CHR violated various wage and hour laws. The motion is **GRANTED IN PART AND DENIED IN PART WITH LEAVE TO AMEND.** This order assumes the reader is familiar with the factual allegations, applicable legal standards, and the arguments made by the parties.

      *Employment Relationship.* Moreno has sufficiently alleged an employment relationship between himself and CHR. Under California law, "an employment relationship must exist in

order for the California wage orders or the provisions of the Labor Code governing wages . . . to be applicable." *Van Heel v. GCA Educ. Servs., Inc.*, No. 2:20-CV-01505-AB-JEM, 2020 WL 6541989, at *2 (C.D. Cal. Sept. 30, 2020).  Therefore, Moreno must allege facts to plausibly state that CHR employed him, such as that (1) CHR exercised control over Moreno's wages, hours, or working conditions; (2) Moreno suffered or permitted Plaintiff to work; or (3) CHR engaged Moreno in a common law employment relationship.  *Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010).  Because CHR comprises two entities, Moreno must also allege facts supporting an inference that the entities jointly employed him.  Whether a joint employment relationship exists depends on the "totality of the working relationship of the parties," with particular emphasis upon the extent to which defendants control the plaintiff's performance of employment duties. *Tavares v. Cargill Inc.*, No. 118CV00792DADSKO, 2019 WL 2918061, at *11 (E.D. Cal. July 8, 2019).

      Here, Moreno alleges that "Defendants employed Plaintiff and Class members as drivers in providing Defendant's services" and that "all defendants, . . . were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said [relationship.]"  (Compl. ¶¶ 8, 10.)  Moreno further alleges that "Defendants set Plaintiff and class members' compensation, [] paid them on a piece rate basis for individual jobs[, and] had the power to control wages, hours, and/or working conditions of Plaintiff and Class members [at all times during the liability period]."  (Compl. ¶ 11.)  These allegations are sufficient at the pleadings stage to support a plausible inference of a joint employment relationship under the *Combs* test.

      *Tavares*, 2019 WL 2918061, is instructive.  There, the court denied a motion to dismiss where the plaintiff alleged that the defendants—Cargill Incorporated and Cargill Meat Solutions Corporation—jointly employed her, exercised authority over hiring and termination, set work rules and conditions, and supervised her daily employment activities.  *Id.* at *11.  The court acknowledged that while the plaintiff's allegations were somewhat conclusory, it appeared likely

2

that the defendants "share[d] a close relationship," which rendered the plaintiff's joint employment allegations plausible. *Id.* at *11 n.6. Similarly, Moreno alleges that C.H. Robinson Worldwide and C.H. Robinson Company are both Minnesota entities that share the same business address. (Compl. ¶¶ 5-6.) When considered alongside his allegations that both entities exercised control over his working conditions and paid his wages, these facts are sufficient to plausibly allege a joint employment relationship.

CHR's contention that it could not have employed Moreno because it is a freight broker rather than a motor carrier misconstrues the applicable standard for employment under California law. Whether CHR was registered as a motor carrier,[1] owned trucking assets, or contracted directly with drivers is not dispositive. As explained above, California courts apply a functional, not formalistic, test to determine employment relationships under the Labor Code, focusing on a defendant's control over wages, hours, and working conditions. *See Combs*, 49 Cal. 4th 35 at 71 (observing that the Labor Code's definition of "employer" encompasses those who might not have a direct contractual relationship with plaintiffs but nonetheless "directly or indirectly" exercise "control" of their "wages, hours, or working conditions"). That CHR may be legally barred from acting as a motor carrier under federal law does not preclude Moreno from plausibly alleging that it functioned as an employer under California law by exerting sufficient control over the working conditions of drivers.

*Class Allegations.* CHR moves to strike Moreno's class allegations, arguing that the complaint fails to allege facts showing commonality or typicality under Rule 23. This argument is premature. Motions to strike class allegations at the pleading stage are generally disfavored and rarely granted prior to the class certification stage. *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) ("Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for the arguments[.]"); *Velasquez v. HSBC Fin. Corp.*, 2009 WL 112919, at *4 (N.D. Cal. Jan. 16, 2009) (declining to

---

[1] Because the motion would be denied regardless of whether CHR is registered as a motor carrier, CHR's request for judicial notice as to that issue is denied as moot. (Dkt. No. 16.)

strike class allegations even where the court found the class definitions "troubling"). The details concerning CHR's policies and practices, including its interactions with drivers and the uniformity of employment terms across the putative class, are within CHR's exclusive control and are better suited to be developed through the discovery process. The motion to strike Moreno's class allegations is therefore denied.

*Claims 1-3.* Moreno fails to allege sufficient facts to plausibly state claims for meal and rest break violations and failure to pay minimum wage. In *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015), the Ninth Circuit set forward the pleading standard for overtime and minimum wage claims post-*Twombly* and *Iqbal*. *Id.* at 646. It held that, "[a]lthough plaintiffs in these types of cases cannot be expected to allege with mathematical precision[] the amount of overtime compensation owed by the employer," "at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." *Id.* (internal quotations omitted). An adequate complaint need not allege specific dates or calculations, but it must at least supply enough information about the plaintiff's work schedule for the court to determine the plaintiff worked more than forty hours in a given workweek. The *Landers* analysis also applies to meal and rest break claims. *See Rodriguez v. Belfor USA Grp., Inc.*, No. 22-cv-02071-VKD, 2022 WL 1814257, at *5 (N.D. Cal. June 2, 2022).

As to his meal break claims, Moreno alleges that:

> "At all times during the liability period, Plaintiff and the Class members were assigned to and required to work for periods lasting in excess of five (5) hours and were not provided or allowed to take a thirty (30) minute, uninterrupted, off-duty meal break. Moreover, Plaintiff and the Class members often worked and in excess of ten (10) hours without a second thirty (30) minute meal break. Plaintiff's pay plan incentivized completing the job in minimal time, without taking duty free meal breaks. Plaintiff and class members generally had lunch while on duty, usually during waiting time in their truck."

(Compl. ¶ 13.) Moreno further alleges that "[b]ecause of scheduling and the pay schedule, and the lack of any policies, Plaintiff and members of the Class were routinely required to work

4

through rest periods." (Compl. ¶ 15.) These allegations are insufficient because they do not describe "when, how, and which individuals were denied meal and rest periods" that would plausibly indicate CHR's liability. *Tavares*, 2019 WL 2918061, at *5. Moreno fails to identify "any specific instance in which he was not provided with a meal break he was due." *Archuleta*, 2019 WL 1751830, at *3. Nor does he identify "the manner in which he was denied a meal break" beyond conclusory allegations that CHR's scheduling and pay plan prevented him from taking breaks. *Contrast Morrelli*, 2019 WL 918210, at *9 ("Plaintiffs adequately allege they missed meal-and-rest-breaks because there was only one nursing professional on staff on any particular shift; this meant Plaintiffs were not fully relieved of their duties during break and meal times . . . Plaintiffs also allege they were prohibited from leaving the work place during break and meal times . . . Moreover, Plaintiffs allege adequate break facilities were not provided.").[2]

Moreno's minimum wage claim also fails. Moreno alleges that:

> "Plaintiff and Class members were required to work non-driving time, for which they were not compensated, in violation of California's minimum wage laws. This includes, but is not limited to, time for pre and post trip inspections, waiting time, time on over the road trips while away from home, and other work time. Plaintiff's piece rate pay failed to compensate Plaintiff and Class members at the applicable minimum wage for all the hours worked, driving and non-driving.

(Compl. ¶ 52.) While Moreno provides some specificity as to the types of activities for which he allegedly was not compensated, the allegations do not plausibly identify "at least one workweek when he . . . was not paid minimum wages." *Landers*, 771 F.3d at 646; *see also Reilly v. Recreational Equip., Inc.*, No. 18-CV-07385-LB, 2019 WL 1024960, at *4 (N.D. Cal. Mar. 4, 2019) (dismissing minimum wage claim where plaintiff conclusorily pled that she was required to do certain off-the-clock work tasks that defendants did not compensate). The Complaint does

---

[2] CHR also argues that Moreno's meal and rest break claims are preempted by federal regulations, asserting that Moreno's claims would fail if he had affirmatively alleged that he operated as an interstate commercial motor vehicle driver. Dismissal on this basis is improper, however, because CHR's assumption rests outside the four corners of the Complaint. *See Johnson v. R&L Carriers Shared Servs., LLC*, No. 222CV01619MCSJPR, 2022 WL 1568898, at *5 (C.D. Cal. May 18, 2022) (finding same on similar facts).

5

not include any factual allegations indicating when or how often he was required to perform off-the-clock work, how long those tasks typically take, or how those tasks should have been compensated. *Tavares*, 2019 WL 2918061, at *4.

*Claim 4.* Plaintiff's claim under Section 226 for inaccurate wage statements fails because it is wholly derivative of the underlying wage and hour claims, which, as discussed above, are not sufficiently alleged. (*See* Compl. ¶ 62 (alleging that wage statements were not accurate because "the payments owed to Plaintiff and the members of the Class for unpaid minimum wages, and missed meal and rest periods, were not included in gross wages earned")); *see also Wyland v. Berry Petroleum Co., LLC,* No. 118CV01414DADJLT, 2019 WL 1047493, at *8 (E.D. Cal. Mar. 5, 2019) (explaining that improper wage statement claims "necessarily fail[]" when they were derivative of underlying meal and rest break claims that were dismissed).

*Claim 5.* Moreno's Section 204 claim also fails. Section 204 provides that "All wages [other than specified exceptions] . . . are due and payable twice during each calendar month[.]" The majority of courts in this circuit that have considered this issue, and the California Court of Appeal, have concluded that Section 204 "simply regulates the timing of wage payments and does not provide for the payment of any particular type of wages or create any substantive right to wages." *Frausto v. Bank of Am., Nat'l Ass'n*, No. 18-CV-01983-MEJ, 2018 WL 3659251, at *10 (N.D. Cal. Aug. 2, 2018); *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011), *aff'd*, 546 F. App'x 613 (9th Cir. 2013); *Fuentes v. Maxim Healthcare Servs., Inc.*, No. 217CV01072ABEX, 2018 WL 6137619, at *6 (C.D. Cal. Aug. 9, 2018); *De La Torre v. Am. Red Cross*, No. CV 13-04302 DDP JEMX, 2013 WL 5573101, at *5 (C.D. Cal. Oct. 9, 2013). In other words, a violation of Section 204 cannot be premised solely on the claim that an employer underpaid wages, as Moreno claims. This is supported by the plain language of the statute. Read in context, the reference to "All wages" in Section 204 "pertains to the timing of wage payments and not to the manner in which an employer ascertains each employee's worktime." *See's Candy Shops, Inc. v. Superior Ct.*, 210

Cal. App. 4th 889, 904 (2012).[3]

*Claim 6.* Moreno's claim for failure to reimburse business expenses is adequately pled. California Labor Code Section 2802(a) requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer[.]" Section 2802 claims are sufficiently pled where the complaint identifies the particular expenses that were not reimbursed and affirmatively alleges that the expenses were part of the plaintiff's job duties. *See*, *e.g.*, *Taylor v. W. Mar. Prods., Inc.*, No. 13-cv-04916-WHA, 2014 WL 1779279, at *5-6 (N.D. Cal. May 3, 2014). Here, Moreno alleges that he paid for "fuel and insurance" that CHR did not reimburse. (Compl. ¶ 72.) While the Complaint does not expressly allege that the expenses were incurred as part of Moreno's job duties or that CHR was specifically aware of him incurring those expenses, that inference is reasonable given his role as a truck driver.

*Unfair Competition Law ("UCL") Claim.* Dismissal of Moreno's UCL claim is proper because Moreno fails to allege that he lacks an adequate remedy at law. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). The UCL provides only equitable remedies—namely, restitution and injunctive relief—in private actions. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). The Complaint does not contain any allegations showing how restitution under the UCL would go beyond the damages potentially available to him through the California Labor Code. *See Grausz v. Hershey Co.*, No. 23-CV-00028-AJB-SBC, 2024 WL 312688, at *7 (S.D. Cal. Jan. 25, 2024).

To the extent Moreno pleads that injunctive relief is required to make him whole, that argument fails because he has not sufficiently alleged that he is still employed by CHR and therefore likely to suffer future harm. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (holding that a plaintiff seeking injunctive relief must have Article III standing to seek that relief). Moreno's allegation that he "was employed by Defendants as a driver during

---

[3] Because it is not necessary to consider the materials in CHR's second request for judicial notice to reach this conclusion, the request is denied as moot. (Dkt. No. 21.)

the liability period as alleged herein" only supports an inference that he was employed at *some* point during the liability period.  (Compl. ¶ 4.)  And "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).  Therefore, Moreno's UCL claim is dismissed in its entirety.

Based on foregoing, CHR's motion for judgment on the pleadings and motion to strike is **GRANTED IN PART AND DENIED IN PART**.  Dismissal is with **LEAVE TO AMEND**, as this is Moreno's first opportunity to amend and the record is insufficient to conclude that amendment would necessarily be futile.  Moreno may file a first amended complaint correcting the deficiencies identified in this order as to those claims by **August 14, 2025**.  Moreno may not add new claims or otherwise amend his complaint absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.  The case management conference is reset for **September 17, 2025, at 10:00 a.m.**  The parties shall file a joint case management statement by **September 10, 2025.**

**IT IS SO ORDERED.**

Dated: July 31, 2025

                                                RITA F. LIN
                                                United States District Judge