Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
Trevor Weinberg, SBN 330778
(tw@haffnerlawyers.com)
**HAFFNER LAW PC**
15260 Ventura Blvd., Suite 1520
Sherman Oaks, CA 91403
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Attorneys for Plaintiff and all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MORENO, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>C.H. ROBINSON WORLDWIDE, INC.; C.H. ROBINSON COMPANY, INC. and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No. 3:25-cv-02844-RFL**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br>**(1) FAILURE TO PAY MINIMUM WAGES;**<br>**(2) FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;**<br>**(3) FAILURE TO REIMBURSE BUSINESS EXPENSES; AND**<br>**(4) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT ("UCL"), Bus. & Prof. Code § 17200 et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Carlos Moreno ("Plaintiff"), by and through his undersigned attorneys, for this Class Action Complaint against Defendants C.H. Robinson Worldwide, Inc., C.H. Robinson Company, Inc., and Does 1 through 10 (hereinafter "Defendants"), respectfully alleges the following:

## NATURE OF THE ACTION

1. This is a class action for wage and labor violations arising out of, among other things, Defendants' misclassification of its truck drivers as independent contractors and other labor violations, including but not limited to, failure to pay wages, failure to reimburse business expenses, and other labor code violations and unfair business practices.

2. Plaintiff seeks to represent the following Class:

> All current or former drivers for Defendants, who were California residents and were classified as "independent contractors," at any time beginning four (4) years prior to the filing of the Complaint through the date notice is mailed to the Class (the "Class period").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in the State of California, or at least one Defendant resides in the state of California. Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court, and/or one or more Defendant resides within the venue of this court.

## PARTIES

4. Plaintiff Carlos Moreno, was, at all relevant times, a citizen of the State of California. Mr. Moreno was employed by Defendants as a driver during

- 2 -
**FIRST AMENDED CLASS ACTION COMPLAINT**

the liability period as alleged herein.

5. Defendant C.H. Robinson Worldwide, Inc. is a Minnesota company, located at 14701 Charlson Road, Eden Prairie, MN 55347, and is licensed to do, and is doing, business in the State of California.

6. Defendant C.H. Robinson Company, Inc. is a Minnesota company, located at 14701 Charlson Road, Eden Prairie, MN 55347, and is licensed to do, and is doing, business in the State of California.

7. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained.  Plaintiff is informed and believe and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

8. Plaintiff is informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Defendants provide various trucking services throughout California and the United States.

**FIRST AMENDED CLASS ACTION COMPLAINT**

10. Plaintiff and Class members were not paid for all time worked. Plaintiff would often have to wait for the shipper to load the goods onto his truck and the receiver to unload. Each of these could take up to several hours, for which Plaintiff and class members were not compensated. This took place several times such as, for example, for a load Plaintiff hauled on or about October 31, 2023.

11. At all times during the liability period, Defendants employed Plaintiff and Class members as drivers in providing Defendant's services, but misclassified them as independent contractors in violation of, among other statutes, California Labor Code § 226.8.

12. Defendants set Plaintiff and class members' compensation, and paid them on a piece rate basis for individual jobs.  At all times during the liability period, Defendants had the power to control wages, hours, and/or working conditions of Plaintiff and Class members.

13. At all times during the liability period, Defendants employed Plaintiff and the Class, but Plaintiff and the Class were not paid wages and/or charged and not reimbursed for business expenses in violation of California Labor Code sections 201, 202, 203, 226.7, 512, 2802 and subsections 11, and 12 of the applicable Industrial Welfare Commission Orders.

14. At all times during the liability period, Defendants failed to pay Class members for all hours worked.  Defendant failed to compensate Plaintiff and Class members for non-driving time, including but not limited to, pre and post trip inspections,  waiting time, and other on duty time.

15. At all times during the liability period, Defendant failed to reimburse Plaintiff and Class members for the business expenses they incurred performing job duties for Defendants. Additionally, Defendant unlawfully deducted pay from Plaintiff and Class Members' paychecks for loads that clients rejected.

16. Defendants have engaged in a pattern and practice of misclassifying their employees as independent contractors to avoid the taxes, insurance and other

costs that accompany employees. Plaintiffs are informed and believes there are other current and former aggrieved employees who suffered similar violations. Plaintiffs brings this action on behalf of other current and former aggrieved employees.

17. Defendants' conduct, as alleged herein, has caused Plaintiff and Class members damages including, but not limited to, loss of wages and compensation. Defendants are liable to Plaintiff and the Class for failing to pay minimum wages, failing to pay all wages owed each pay period, failure to provide timely and accurate wage statements, failure to pay all wages owed upon termination, and unfair competition.

18. Plaintiff is a member of and seeks to be the representative for the Class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendants' unlawful employment practices as alleged herein.

## **CLASS DEFINITIONS AND CLASS ALLEGATIONS**

19. Plaintiff brings this action on behalf of himself, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> All current or former drivers for Defendants, who were California residents and were classified as "independent contractors," at any time beginning four (4) years prior to the filing of the Complaint through the date notice is mailed to the Class (the "Class period").

20. Plaintiff reserves the right to amend or otherwise alter the Class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

21. This action has been brought and may be properly maintained as a class action pursuant to the provisions of California's class action statute, and other

applicable law.

22. **Numerosity of the Class:** Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

23. **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

   a. Whether Plaintiff and each member of the Class were misclassified as independent contractors;

   b. Whether Plaintiff and each member of the Class were not paid minimum wage for each hour worked or part thereof during which they were required to perform acts at the direction and for the benefit of Defendant;

   c. Whether Defendants failed to pay Plaintiff and the members of the Class who worked as drivers in California for the total hours worked during the Class period;

   d. Whether Defendant maintained accurate time records of Plaintiff and members of the Class during the Class period;

   e. Whether Defendant violated Labor Code § 226(a) by issuing inaccurate itemized wage statements to Plaintiff and members of the Class;

   f. Whether Defendants violated Labor Code § 2802 by failing to reimburse Plaintiff and Class members for business expenses they incurred.

   g. Whether Defendants engaged in an unfair business practice in violation of Business & Professions Code §17200, et seq., based on the labor practices and Labor Code violations alleged herein.

   h. The nature and extent of class-wide injury and the measure of damages

for the injury.

24. **<u>Typicality</u>**: Plaintiff's claims are typical of the claims of the members of the subclasses they represent because Plaintiff, as a driver of Defendants, was exposed and subjected to the same unlawful business practices as other drivers employed by Defendants during the liability period. Plaintiff and the members of the sub classes they represent sustained the same types of damages and losses.

25. **<u>Adequacy:</u>** Plaintiff is an adequate representative of the Class he seeks to represent because his interests do not conflict with the interests of the members of the subclasses Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of members of each Class will be fairly and adequately protected by Plaintiff and his counsel.

26. **<u>Superiority and Substantial Benefit:</u>** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

27. The Class should also be certified because:

 a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to

individual Class members which would establish incompatible standards of conduct for Defendants;

  b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

  c. Defendants have acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

**FIRST CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PAY MINIMUM WAGES**
**(Violation of Labor Code §§ 510, 1194, 1194.2, 1197; Wage Order No. 9-2001, §4)**
**(Against All Defendants)**

28. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

29. Labor Code § 510 provides in relevant part: "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one work day and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

30. Labor Code §1197 provides: "The minimum wage for employees fixed

1 by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

31. Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

32. Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

33. Pursuant to IWC Wage Order No. 9-2001, at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, where or not required to do so."

34. Plaintiff and Class members were not paid for all time worked. Plaintiff would often have to wait for the shipper to load the goods onto his truck and the receiver to unload. Each of these could take up to several hours, for which Plaintiff and class members were not compensated.

35. Plaintiff and Class members were required to work non-driving time, for which they were not compensated, in violation of California's minimum wage laws. This includes, but is not limited to, time for pre and post trip inspections, waiting time, time on over the road trips while away from home, and other work time. Plaintiff's piece rate pay failed to compensate Plaintiff and Class members at the applicable minimum wage for all the hours worked, driving and non-driving.

36. At all times relevant during the liability period, under the provisions of

Wage Order No. 9-2001, Plaintiff and each Class member should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

38. For all hours that Plaintiff and the Class members worked, they are entitled to not less than the California minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. Pursuant to Labor Code § 1194, Plaintiff and the Class members are also entitled to their attorneys' fees, costs and interest according to proof.

38. At all times relevant during the liability period, Defendants willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff and Class members the amounts owed.

39. Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all other similarly situated drivers, and Defendants has done so continuously throughout the filing of this complaint.

40. As a direct and proximate result of Defendants' violation of Labor Code §§ 510 and 1197, Plaintiff and other Class members have suffered irreparable harm and money damages entitling them to damages, injunctive relief or restitution. Plaintiff, on behalf of themselves and on behalf of the Class, seeks damages and all other relief allowable including all wages due while working as Defendants' drivers, attorneys' fees, liquidated damages, prejudgment interest, and as to those employees no longer employed by Defendants, waiting time penalties pursuant to Labor Code § 200 *et seq*.

41. Plaintiff and the Class members are entitled to back pay, pre-judgment interest, liquidated damages, statutory penalties, attorneys' fees and costs, and for Plaintiff and the Class of members no longer employed, waiting time penalties pursuant to Labor Code § 1194.

**FIRST AMENDED CLASS ACTION COMPLAINT**

# SECOND CAUSE OF ACTION
# FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS
### (Violation of Labor Code §§ 226 and 226.3)
### (Against All Defendants)

42. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

43. California Labor Code § 226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

44. Labor Code § 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

45. Plaintiff is informed, believe and thereon alleges that at all times relevant, Defendants knowingly and intentionally failed to furnish and continues to knowingly and intentionally fail to furnish Plaintiff and each Class member with timely and accurate itemized statements showing the gross wages earned by each of them, as required by Labor Code § 226 (a), in that the payments owed to Plaintiff and the members of the Class for unpaid minimum wages were not included in gross wages earned by Plaintiff and the Class.

46. Defendants' failure to provide Plaintiff and members of the Class with accurate itemized wage statements during the Class period has caused Plaintiff and members of the Class to incur economic damages in that they were not aware that they were owed and not paid compensation for hours worked without pay and for overtime worked without pay. In addition, as set forth in Plaintiffs' third cause of action, Defendants provided inaccurate information regarding hours worked, which masked their underpayment of wages to Plaintiff and the Class.

47. As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the Class in violation of Labor Code § 226(a), Plaintiff and the members of the Class are each entitled to recover penalties pursuant to § 226(e) of the Labor Code.

### THIRD CAUSE OF ACTION
### FAILURE TO REIMBURSE BUSINESS EXPENSES
### (Violation of Labor Code § 2802)
### (Against All Defendants)

48. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth fully herein.

49. California Labor Code § 2802 provides "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her

obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

50. During the applicable statutory period, Plaintiff and the Class members incurred necessary expenditures and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of Defendants. These business expenses which Plaintiff and class members incurred, which were not reimbursed include, but are not limited to, fuel and insurance. Defendants did not reimburse these expenditures or losses to Plaintiff and the Class members.

51. Defendants has failed to fully reimburse Plaintiff and the members of the Class for necessary business-related expenses and losses.

52. Plaintiff and the Class members are entitled to recover their unreimbursed expenditures and losses pursuant to Labor Code § 2802.

### FOURTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT
### (Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*)
### (Against All Defendants)

53. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

54. Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

55. Through its action alleged herein, Defendants has engaged in unfair competition within the meaning of the UCL. Defendants' conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

56. Defendants' unlawful conduct under the UCL includes, but is not limited to, violating the statutes alleged herein. Defendants' unfair conduct under the UCL includes, but is not limited to, failure to pay Class members wages and compensation they earned through labor provided, and failing to otherwise

- 13 -
**FIRST AMENDED CLASS ACTION COMPLAINT**

compensate Class members, as alleged herein. Defendants' fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the time the Class members worked and the amount of wages or compensation due.

57. Plaintiff has standing to assert this claim because he has suffered injury in fact and has lost money as a result of Defendants' conduct.

58. To the extent Plaintiff's other claims are not successful, in the alternative, Plaintiff seeks remedies available under the UCL. Plaintiff and the Class seek restitutionary disgorgement from Defendants, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

## **PRAYER**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the general public, pray for judgment against Defendants as follows:

A. An order that this action may proceed and be maintained as a class action;

B. For all unpaid minimum wages and liquidated damages due to Plaintiff and each Class member on their minimum wage claim;

C. For one hour of wages due to Plaintiff and each Class member for each work period of more than four (4) hours when they were not separately compensated for and/or did not receive an uninterrupted ten (10) minute rest period;

D. For continuation wages under Labor Code § 203;

E. For statutory penalties under Labor Code § 226(e);

F. An order requiring Defendants to comply with Labor Code § 226(a) with respect to all currently employed members of the Class;

G. For reimbursement of business expenses under Labor Code § 2802;

H. For restitutionary disgorgement pursuant to the UCL;

I. An order enjoining Defendants from further unfair and unlawful business practices in violation of Business & Professions Code §§ 17200 *et seq.*;

J. Prejudgment interest at the maximum legal rate;

K. Reasonable attorneys' fees;

L. Accounting of Defendants' records for the liability period;

M. General, special and consequential damages, to the extent allowed by law;

N. Costs of suit; and

O. Such other relief as the Court may deem just and proper.

DATED: August 14, 2025                **HAFFNER LAW PC**

By: ___/s/ Trevor Weinberg___
Joshua H. Haffner
Trevor Weinberg
Attorneys for Plaintiff and others
Similarly situated

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the Class members on all claims so triable.

DATED:  August 14, 2025          **HAFFNER LAW PC**

                              By:      ___/s/ Trevor Weinberg_____
                                      Joshua H. Haffner
                                      Trevor Weinberg
                                      Attorneys for Plaintiff and others
                                          Similarly situated

**FIRST AMENDED CLASS ACTION COMPLAINT**