UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MORENO,<br><br>            Plaintiff,<br><br>    v.<br><br>C.H. ROBINSON WORLDWIDE, INC., et al.,<br><br>            Defendants. | Case No.  25-cv-02844-RFL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 30 |

Carlos Moreno worked for CHR as a truck driver.  The company paid him on a piece-rate basis for "individual jobs."  (*See* Dkt. No. 29 (the "FAC") ¶ 12.)  He alleges, however, that this arrangement did not compensate him for all the work that he performed.  For example, during deliveries, he would often have to wait around for several hours while goods were being loaded onto and hauled off his truck, and CHR did not pay him for that time.  He accordingly commenced this putative class action to recover for, among other things, CHR's alleged failure to pay its drivers for all the work that they performed.  Upon CHR's motion for judgment on the pleadings, the Court previously dismissed most of Moreno's claims with leave to amend.  (*See* Dkt. No. 27 (the "Prior Order").)  CHR now moves to dismiss most of Moreno's re-pled claims.  (*See* Dkt. No. 30 (the "Motion").)  For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.  This Order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.[1]

***Failure to Pay Minimum Wages.***  The Prior Order dismissed this claim because Moreno did not "plausibly identify at least one workweek when he . . . was not paid minimum wages." (*See* Prior Order at 5 (citations and quotation marks omitted).)  The Prior Order also found that Moreno's original complaint did "not include any factual allegations indicating when or how

---

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

often he was required to perform off-the-clock work, how long those tasks typically take, or how often those tasks should have been compensated." (*See id.* at 5-6 (citation omitted).) Moreno's latest allegations cure these deficiencies. He alleges that "on or about October 31, 2023," he "ha[d] to wait for the shipper to load the goods onto his truck and the receiver to unload," that this type of waiting occurred "often," and that "these [instances of waiting] could take up to several hours, for which [Moreno] and class members were not compensated." (*See* FAC ¶ 10.) CHR counters that Moreno must also allege for how many hours he worked during the week in question and how much he was paid that week, to permit a calculation of his effective hourly rate, which will then be compared to the minimum pay required by California law. (*See* Motion at 8-12.) But CHR paid Moreno on a piece-rate basis, and "a piece-rate formula that does not compensate directly for all time worked does not comply with California Labor Codes, even if, averaged out, it would pay at least minimum wage for all hours worked." *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1008 (N.D. Cal. 2016) (citations omitted).[2] Accordingly, Moreno's effective hourly rate across all the hours he worked over the week is irrelevant.

*Failure to Provide Accurate Wage Statements.* Moreno has sufficiently alleged that he received at least one inaccurate wage statement. As discussed above, around October 31, 2023, he allegedly waited for hours while goods were being loaded onto and off his truck, and he alleges that CHR did not pay him for this time. The Court can reasonably infer that if Moreno did not receive pay for this work, then the wage statement covering October 31 would inaccurately reflect his wages earned. CHR argues that Moreno "cannot possibly cure his failure to identify a single wage statement that is inaccurate because he never received a wage statement from CHR," as "CHR is legally prohibited from contracting with individuals directly to perform delivery orders," and therefore another entity with which it contracts to provide delivery services

---

[2] On reply, CHR argues for the first time that Moreno's allegations that "he was not paid on a piece-rate basis for time spent loading and unloading his truck on October 31, 2023," are inadequate, because he must also allege the details of his contract with CHR governing his piece-rate pay. (*See* Dkt. No. 35 at 3-4.) This argument is waived because it was raised for the first time on reply, and it is therefore not addressed in this Order.

actually issued Moreno his wage statements.  (*See* Dkt. No. 35 at 5-6 (emphasis omitted).)  The Prior Order already rejected this argument.  (*See* Prior Order at 1-3 (Moreno sufficiently alleged employment relationship with CHR, even though "CHR may be legally barred from acting as a motor carrier under federal law," such that CHR may be liable under California Labor Law).)

However, Moreno has not adequately alleged that the inaccuracy at issue caused him injury as required to state a claim.  Where, as here, a plaintiff seeks to recover penalties, costs, and attorneys' fees for an employer's alleged failure to provide accurate wage statements, the plaintiff must allege that they "suffer[ed] [an] injury as a result of a knowing and intentional failure by [their] employer" to provide an accurate wage statement.  *See* Cal. Lab. Code § 226(e)(1).  As the California Supreme Court has explained:

> [injury under Section 226] is not quite what it sounds like; an employee is deemed to be injured if the employer either fails to provide any wage statement or if it provides a wage statement that fails to provide accurate and complete information about certain items such that the employee cannot promptly and easily determine from the wage statement alone certain specified wage-related information.

*Naranjo v. Spectrum Sec. Servs., Inc.*, 15 Cal. 5th 1056, 1070 (2024) (citations and quotation marks omitted).  Thus, where an employer provides an allegedly inaccurate wage statement, an employee suffers an injury if the inaccuracies prevent them from "ascertain[ing] whether the payment is correct."  *See Naranjo v. Spectrum Sec. Servs., Inc.*, 13 Cal. 5th 93, 120 (2022) (citation omitted).  The employee does not, however, suffer an injury within the meaning of the statute merely because the amount they earned is inconsistent with the amount actually paid.  *See Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1336-37 (2018).  Instead, the employee must show that they "cannot promptly and easily determine from the wage statement alone" certain specified information, including, as relevant here, "total hours worked by the employee," "the number of piece-rate units earned," or "[t]he amount of the gross wages or net wages paid to the employee during the pay period."  *See* Cal. Lab. Code §§ 226(a), (e)(2)(B)(i).

Moreno does not sufficiently allege that the inaccuracy in his wage statement caused him to suffer an injury within the meaning of the statute.  The sole inaccuracy claimed is that his

3

wage statements did not include all the wages that he had earned because CHR allegedly failed to pay him for all the work that he had performed. (*See* FAC ¶ 45.) Accordingly, he alleges that he suffered an injury because he "w[as] not aware that [he was] owed and not paid compensation for hours worked without pay." (*See id.* ¶ 46.) But Moreno does not allege how, if at all, the alleged inaccuracy with the wage statements prevented him from determining his total hours worked or piece-rate units earned, or whether CHR properly calculated the pay that he actually received. Although he does state that "Defendants provided inaccurate information regarding hours worked," he also alleges that he was paid on a piece-rate basis rather than hourly, so it is not clear why that alleged inaccuracy would have prevented him from determining if his pay was correct. (*Id.*) Nor does he allege that there was any inaccuracy in the wage statement regarding his piece-rate units earned. As such, Moreno has not adequately alleged an inaccuracy that caused him injury under the statute. *See, e.g.*, *Rudolph v. Herc Rentals, Inc.*, No. 20-cv-05412-ODW, 2022 WL 743513, at *3-4 (C.D. Cal. Mar. 11, 2022).

Moreno also fails to sufficiently allege that CHR knowingly and intentionally failed to provide an accurate wage statement. He offers only a conclusory allegation of CHR's knowledge and intent. (*See* FAC ¶ 45.) Conclusory allegations of knowledge and intent will not survive a motion to dismiss. *See, e.g.*, *Dawson v. Hitco Carbon Composites, Inc.*, No. 16-cv-07337-PSG, 2017 WL 7806358, at *6 (C.D. Cal. May 5, 2017).

*Unfair Competition Law.* The Court previously dismissed Moreno's UCL claim under *Sonner* because he failed to sufficiently allege that he lacked an adequate remedy at law: "The Complaint does not contain any allegations showing how restitution under the UCL would go beyond the damages potentially available to [Moreno] through the California Labor Code." (*See* Prior Order at 7 (citation omitted)); *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). He does not cure this deficiency in the FAC, as he simply requests restitutionary disgorgement without explaining how that relief would encompass anything more than the relief available to him under the Labor Code. (*See* FAC ¶ 58); *see also Mish v. TForce Freight, Inc.*, No. 21-cv-04094-EMC, 2021 WL 4592124, at *6 (N.D. Cal. Oct. 6, 2021) ("Since *Sonner*,

courts have consistently dismissed purely derivative UCL claims in wage-and-hour actions in which damages and penalties are available for the same underlying Labor Code claims." (citations omitted)). Moreno's request for injunctive relief does not alter this conclusion for the same reason as before, namely, "he has not sufficiently alleged that he is still employed by CHR and therefore likely to suffer future harm." (*See* Prior Order at 7 (citation omitted).) Nor does alternative pleading save the UCL claim where Moreno otherwise fails to sufficiently allege the inadequacy of legal relief. *See, e.g.*, *Ryan v. Starco Brands, Inc.*, No. 24-cv-00642-SVK, 2024 WL 5102651, at *7 (N.D. Cal. Apr. 19, 2024).

    ***Conclusion.*** For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion as follows:

- The failure to pay minimum wages claim survives dismissal.
- The failure to provide accurate wage statements claim is **DISMISSED WITH LEAVE TO AMEND** to allow Moreno an opportunity to cure the deficiencies identified above, because this is the first time that the Court has identified those deficiencies.
- The UCL claim is **DISMISSED WITHOUT LEAVE TO AMEND** because the claim suffers from the same deficiencies identified in the Prior Order, and it does not appear that Moreno could cure these deficiencies in an amended pleading.

If Moreno wishes to file an amended complaint correcting the deficiencies identified above concerning the failure to provide accurate wage statements claim, he shall do so by **December 1, 2025**. The amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

    **IT IS SO ORDERED.**

Dated: November 10, 2025

RITA F. LIN
United States District Judge