UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MORENO,<br>Plaintiff,<br>v.<br>C.H. ROBINSON WORLDWIDE, INC., et al.,<br>Defendants. | Case No. 25-cv-02844-RFL<br><br>**ORDER DENYING MOTION TO STAY PROCEEDINGS; DENYING AS MOOT MOTION TO SHORTEN TIME; AND DENYING WITHOUT PREJUDICE MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 45, 46, 47 |

Defendants filed a motion for summary judgment and a motion to stay class certification briefing while the summary judgment motion is decided. (Dkt. Nos. 45, 46.) Defendants also filed a motion to shorten the briefing schedule for the motion to stay to ensure it would be decided before Plaintiff's motion for class certification is due. (Dkt. No. 47.) For the reasons stated below, the Court declines to resolve the summary judgment motion before resolving the class certification issue. The motion to stay is **DENIED**, the motion to shorten time is **DENIED** as moot, and the motion for summary judgment is **DENIED** without prejudice to the motion being re-filed following the Court's order on class certification.

As discussed at the case management conference on January 7, 2026, it makes sense to adjudicate class certification before summary judgment in this case. The purpose of Rule 23 is to allow resolution of issues pertaining to an entire class on a classwide basis. Indeed, that is why the Rule requires the Court to decide class certification "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). Nothing in Defendants' motion to stay addresses the concerns discussed at length at the case management conference about issuing a summary judgment ruling before it could bind the entire class. Regardless of whether Defendants may be willing to take

that risk, it leaves the courts open to potentially duplicative litigation of the very type that Rule 23 is designed to avoid. The motion does not demonstrate that Moreno is likely to be in a different position from the proposed class, and if he is indeed similarly situated to other class members as alleged, then it makes sense to decide the issues raised in the summary judgment motion once a class is certified. This is not the situation contemplated in the Court's standing order, where cross-motions for summary judgment on a narrow legal issue will likely be case-determinative and avoid the bulk of discovery costs if adjudicated before class certification. Because Defendants have not shown "it is more practicable" to litigate summary judgment first, *Wright v. Schock,* 742 F.2d 541, 543 (9th Cir. 1984), their motion to stay is denied.

**IT IS SO ORDERED.**

Dated: October 20, 2026

RITA F. LIN
United States District Judge